UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Kevin Hokenstrom

        v.                                    Case No. 14-cv-557-SM

N.H. Department of Corrections,
William Wrenn, Robert MacLeod,
Helen Hanks, Denise Rancourt,
Ryan Landry, Bernadette Campbell,
Christopher Kench, and Jeffrey Fetter


**REPORT AND RECOMMENDATION**


Under the aegis of 42 U.S.C. § 1983, Kevin Hokenstrom, proceeding pro se, has sued the New Hampshire Department of Corrections ("DOC") and several current and former DOC employees claiming violations of his rights under the United States Constitution, the Americans with Disabilities Act ("ADA"), and the common law of New Hampshire.  Before me for a report and recommendation is a motion to dismiss filed by the DOC, Robert MacLeod, Helen Hanks, Ryan Landry, Bernadette Campbell, and Christopher Kench.  That motion has been joined by Jeffrey Fetter.  Hokenstrom objects.  For the reasons that follow, I recommend that defendants' motion to dismiss be granted.

**Legal Standard**

Ruling on a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  When considering a Rule 12(b)(6) motion, a trial court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the pleader's favor."  Guerra-Delgado v. Popular, Inc., 774 F.3d 776, 780 (1st Cir. 2014) (citing Tasker v. DHL Ret. Sav. Plan, 621 F.3d 34, 38 (1st Cir. 2010)).

**Background**

The following facts are drawn from plaintiff's complaint, see Guerra-Delgado, 774 F.3d at 780, liberally construed, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (explaining that pro se complaints should be held to less stringent standards than pleadings that have been drafted by lawyers).

Hokenstrom suffers from several congenital deformities. These include an extremely wide left foot and an extremely short

right leg.  He also has a neuroma on his left foot.[1]  To accommodate his foot conditions, Hokenstrom requires a left shoe with a width of 4E.  To ambulate, he requires an above-knee prosthesis for his right leg and flat-soled sneakers.

Hokenstrom has been incarcerated in the New Hampshire State Prison since February of 2001.  From the start of his incarceration through 2004, the prison did not provide him with the kind of shoes he needed.  From 2004 through 2012, he was provided with suitable footwear.  But, in 2013, he was told that he had to buy his own shoes.

For the first 26 months of his incarceration, i.e., until approximately April of 2003, prison officials denied Hokenstrom the use of his prosthesis.  Once he was allowed to use it, it has required servicing about every 18 months.  During a typical servicing cycle, Hokenstrom must: (1) use a malfunctioning prosthesis while prison officials arrange for its servicing; (2) go without his prosthesis while it is away from the prison being serviced; and (3) recondition his body for prosthesis use, if

---

[1] "Neuroma" is a "[g]eneral term for any neoplasm derived from cells of the nervous system."  Stedman's Medical Dictionary 1311 (28th ed. 2006).  A "neoplasm" is "[a]n abnormal tissue that grows by cellular proliferation more rapidly than normal and continues to grow after the stimuli that initiated the new growth cease."  Id. at 1288.

the servicing takes more than a month.  It is painful for
Hokenstrom to use his prosthesis when it is malfunctioning prior
to being serviced, and it is also painful for him to go through
the reconditioning process.[2]  Routine servicing that Hokenstrom
was able to accomplish in a few days before he went to prison
has taken prison officials weeks or months to schedule and
complete.  On two different occasions, in 2009 and again in
2011, it took prison officials approximately five months to have
maintenance services performed on Hokenstrom's prosthesis.  In
addition, when Hokenstrom's prosthesis is out for service, he
cannot perform his prison job, which has resulted in lost wages.

    In 2008, when Hokenstrom's prosthesis required replacement,
Dr. Eppolito of the DOC recommended that he be provided with an
endoskeletal prosthesis, which incorporated modern technology
and would have been lighter than the nearly obsolete exoskeletal
prosthesis he had been using.  Notwithstanding that
recommendation, the prison officials gave Hokenstrom another
exoskeletal prosthesis.  By 2014, that prosthesis was so
obsolete that it could no longer be repaired, so prison

_____

    [2] Hokenstrom's reconditioning involves: (1) toughening the
calluses that form on the part of his leg that is inserted into
the socket of his prosthesis; and (2) strengthening leg muscles
that have become weakened due to lack of exercise.

officials replaced it.  Initially, they tried to give Hokenstrom
another exoskeletal prosthesis, but, at his insistence, they
ultimately provided him with an endoskeletal prosthesis.  The
replacement process took approximately five months.

Based upon the foregoing allegations, Hokenstrom filed this
action on December 12, 2014.  In my order of May 26, 2015, I
construed plaintiff's complaint as asserting: (1) an Eighth
Amendment claim for inadequate medical care; (2) a Fourteenth
Amendment equal protection claim; (3) a claim under the ADA; and
(4) a negligence claim under the common law of New Hampshire.
In addition, I expressly declined to determine whether claims
arising from events that took place prior to December 12, 2011,
were untimely under the statute of limitations or were saved by
the continuing-violation doctrine described in Gorelik v.
Costin, 605 F.3d 118, 122 (1st Cir. 2010).

## Discussion

Defendants argue that they are entitled to the dismissal of
any § 1983 claims that arise from alleged acts or omissions that
occurred before December 12, 2011.[3]  In their view, any such

---

[3] While I have construed Hokenstrom's complaint as asserting
claims under the ADA and the common law of New Hampshire, in
addition to the constitutional claims he asserts through the

claim is barred by the statute of limitations.  Hokenstrom
objects, arguing that various events that occurred more than
three years before he filed suit are actionable under the
continuing-violation doctrine.  I do not agree.

"When a federal statute contains no statute of limitations,
[courts] apply 'the most analogous statute of limitations in the
state where the action was brought.'"  Quality Cleaning Prods.
R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 205 (1st
Cir. 2015) (quoting Greenwood ex rel. Estate of Greenwood v.
N.H. Pub. Utils. Comm'n, 527 F.3d 8, 13 (1st Cir. 2008); citing
Randall v. Laconia, NH, 679 F.3d 1, 4-5 (1st Cir. 2012)).
Section 1983 contains no statute of limitations.  Claims under §
1983 that are brought in New Hampshire are subject to a three-
year statute of limitations.  See McNamara v. City of Nashua,
629 F.3d 92, 95 (1st Cir. 2011) (citing N.H. Rev. Stat. Ann.
("RSA") § 508:4, I; Owens v. Okure, 488 U.S. 235, 250 (1989);
Harrington v. City of Nashua, 610 F.3d 24, 28 (1st Cir. 2010)).[4]

───────────────

vehicle of § 1983, defendants do not expressly mention those
claims in their motion to dismiss.  Necessarily, they do not
argue that those claims are time barred.

[4] The New Hampshire statute of limitations for personal
actions provides, in pertinent part:

Except as otherwise provided by law, all personal
actions, except actions for slander or libel, may be

RSA 508:4, I, would appear to bar § 1983 claims arising from: (1) defendants' alleged failure to provide Hokenstrom with a prosthesis from February of 2001 through April of 2003; (2) defendants' alleged failure to provide him with proper footwear from February of 2001 through 2004; (3) defendants' decision, in 2008, to provide Hokenstrom with an obsolete exoskeletal prosthesis rather than an up-to-date endoskeletal prosthesis; and (4) the maintenance and repair procedures defendants employed before December 12, 2011, which allegedly left Hokenstrom without the use of a prosthesis for weeks or months at a time.

Hokenstrom argues that those acts and omissions are actionable under the continuing-violation doctrine.[5]  Under that doctrine, which is most typically applied to discrimination

---

brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

RSA 508:4, I.

[5] He does not argue that he is entitled to relief from the three-year limitation period under the so-called discovery rule.

claims based upon a hostile work environment, "a plaintiff can
'seek damages for otherwise time-barred allegations if they are
deemed part of an ongoing series of discriminatory acts.'"
Vélez-Vélez v. P.R. Highway & Transp. Auth., 795 F.3d 230, 237
(1st Cir. 2015) (quoting Cordero-Suárez v. Rodríguez, 689 F.3d
77, 83 (1st Cir. 2012)); see also Ayala v. Shinseki, 780 F.3d
52, 57 (1st Cir. 2015) ("Under the 'continuing violation'
doctrine, a plaintiff may obtain recovery for discriminatory
acts that otherwise would be time-barred so long as a related
act fell within the limitations period.") (quoting Tobin v.
Liberty Mut. Ins. Co., 553 F.3d 121, 130 (1st Cir. 2009)).  In
other words:

> As long as a related act falls within the limitations
> period, the doctrine allows a lawsuit to be delayed in
> cases – such as hostile work environment claims – in
> which a course of "repeated conduct" is necessary
> before "a series of wrongful acts blossoms into an
> injury on which suit can be brought."  Ayala v.
> Shinseki, 780 F.3d 52, 57 (1st Cir. 2015) (internal
> quotation marks omitted).  The doctrine does not
> apply, however, to allow the late filing of a claim
> based on a discrete discriminatory act that occurs on
> a specific day, and thus does not permit a plaintiff
> "to avoid filing suit so long as some person continues
> to violate his rights," Pérez–Sánchez, 531 F.3d at
> 107; see also Nat'l R.R. Passenger Corp. v. Morgan,
> 536 U.S. 101, 113 (2002).

Quality Cleaning, 794 F.3d at 205 (parallel citations omitted).
Moreover, the acts composing an ongoing series or a course of

repeated conduct must be similar in character.  See <u>Lawton v.</u>
<u>State Mut. Life Assur. Co. of Am.</u>, 101 F.3d 218, 222 (1st Cir.
1996) (holding that defendant's act of firing gender-
discrimination plaintiff was not sufficiently similar to earlier
act of failing to promote her to make failure to promote part of
a continuing violation).

    Here, none of the time-barred conduct that Hokenstrom seeks
to sweep into this action is amenable to revival by means of the
continuing-violation doctrine.  All of that conduct – denial of
a prosthesis from 2001 through 2003, denial of proper footwear
before 2004, lengthy episodes of servicing, and the 2008
decision to provide Hokenstrom with an exoskeletal prosthesis –
consists of discrete independently actionable acts, see <u>Ayala</u>,
780 F.3d at 57 (describing discrete acts that do not satisfy
continuing-violation doctrine), rather than acts that only
resulted in an actionable injury upon the accumulation of
several similar acts, see <u>Quality Cleaning</u>, 794 F.3d at 205
("the [continuing-violation] doctrine is not truly 'about a
continuing [violation], but about a cumulative violation'")
(quoting <u>Limestone Dev. Corp. v. Vill. of Lemont, Ill.</u>, 520 F.3d
797, 801 (7th Cir. 2008)).  Moreover, Hokenstrom does not
allege, with respect to any of the time-barred conduct, a

sufficiently similar "anchoring violation within the limitations period." Cordero-Suárez v. Rodríguez, 689 F.3d 77, 83 (1st Cir. 2012). Accordingly, Hokenstrom is not entitled to the benefit of the continuing-violation doctrine.

Hokenstrom makes a valiant effort to link the five-month replacement process for his prosthesis in 2014 to the 2008 decision to provide him with an obsolete exoskeletal prosthesis rather than a more modern and more easily repairable endoskeletal prosthesis. But, while there may be some causal connection between the amount of time Hokenstrom spent without a prosthesis in 2014 and the 2008 decision regarding what kind of prosthesis to give him, that kind of causal connection is not what is envisioned by the continuing-violation doctrine. And, in any event, even if a claim based upon the 2008 decision is time barred, that does not prevent Hokenstrom from basing a claim upon the injuries he claims to have suffered in 2014, as a result of the process by which his prosthesis was replaced.

In sum, I recommend that defendants' motion to dismiss should be granted to the extent that Hokenstrom's § 1983 claims are limited to claims arising out of conduct that occurred within the limitations period, i.e., after December 12, 2011. While I am skeptical that conduct that occurred before December

12, 2011, can serve as the basis for either Hokenstrom's ADA claim, see <u>Ayala</u>, 780 F.3d at 57 (citing <u>Thornton v. United Parcel Serv., Inc.</u>, 587 F.3d 27, 30, 33-34 (1st Cir. 2009), or his negligence claim, defendants have made no such argument, and I am reluctant to recommend granting defendants relief against a pro se plaintiff on an argument they have not made.

<b><u>Conclusion</u></b>

For the reasons described above, I recommend that defendants' motion to dismiss, document no. 13, be granted to the extent that Hokenstrom is barred from pursuing any § 1983 claims that are based upon conduct that occurred before December 12, 2011.

Any objections to this report and recommendation must be filed within 14 days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are

precluded on appeal).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

November 19, 2015

cc:  Kevin Hokenstrom, pro se
     Elizabeth Mulholland, Esq.